**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

```
----------------------------------------------------x
NORTECH PACKAGING LLC, an Illinois    :
limited liability company,
                                      :    1:16-CV-
          Plaintiff,
                                      :
                                           Hon.
          v.                          :

PMI CARTONING INC., an Illinois       :
corporation, TISHMA ENGINEERING,
LLC,  an Illinois limited liability company,:
CHICAGO AUTOMATION, LLC, an
Illinois limited liability company,   :
Nebojsa Dabic, Milan Kosanovic, Wayne
Olkowski, Petar Tisma, Stevan Tisma,  :
Dean Tisma, Sasha Tisma, Branko Tisma
and DOES 1-10, inclusive, individually :
and/or as agents or employees of PMI
CARTONING, INC., TISHMA ENGINEER-     :
ING, LLC, and/or CHICAGO AUTOMA-
TION, LLC,                            :

          Defendants.                 :
----------------------------------------------------x
```

## COMPLAINT FOR INJUNCTIVE AND MONETARY RELIEF

Plaintiff, Nortech Packaging LLC ("Plaintiff" or "Nortech Packaging"), for

its Complaint against PMI Cartoning, Inc. ("PMI"), Tishma Engineering, LLC

("Tishma Engineering"), Chicago Automation, LLC ("Chicago Automation"),

Nebojsa Dabic, Milan Kosanovic, Wayne Olkowski, Petar Tisma, Stevan Tisma,

Dean Tisma, Sasha Tisma, Branko Tisma and DOES 1-10, alleges as follows:

## I.  <u>**NATURE OF THE ACTION**</u>

1.  This is an action for misappropriation of trade secrets under the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. §1836(b)(1) *et seq.*, and the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/1 *et seq.*; trademark infringement under 15 U.S.C. §1114 *et seq.*; trademark infringement, unfair competition and false designation of origin under 15 U.S.C. §1125(a), *et seq.*; trademark infringement, unfair competition and deceptive trade practices under the laws of the State of Illinois, including the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*; conversion under Illinois law; and tortious interference with contract and prospective advantage under Illinois law.

2.  The Defendant companies are competitors of Plaintiff.  The named individual Defendants include family members and others who own, operate and/or work for the Defendant companies, and some who own and formerly operated another family-owned company (now in Chapter 7 and not a party herein) whose assets Plaintiff purchased in a UCC Article 9 sale.  The causes of action arise generally from Defendants' acts of misappropriating, infringing upon and converting certain of the assets Plaintiff purchased, which include trade secrets and other valuable proprietary information, a trademark, goodwill and physical property.  Defendants have acted in concert to use the purloined assets to steal Plaintiff's customers and otherwise hamper and interfere with Plaintiff's business for Defendants' personal and corporate gain.

2

## II.    PARTIES

3.    Plaintiff, Nortech Packaging, is an Illinois limited liability company with its principal place of business at 560 Windy Point Drive, Glendale Heights, Illinois, 60139.

4.    Defendant PMI is an Illinois corporation with its principal place of business at 850 Pratt Blvd, Elk Grove Village, Illinois, 60007.

5.    Defendant Tishma Engineering is an Illinois limited liability company with its principal place of business at 850 Pratt Blvd, Elk Grove Village, Illinois, 60007.

6.    Defendant Chicago Automation is an Illinois limited liability company with its principal place of business at 900 Pratt Blvd, Elk Grove Village, Illinois, 60007.

7.    Defendants Milan Kosanovic, Wayne Olkowski, Petar Tisma, Stevan Tisma, Dean Tisma, Sasha Tisma and Branko Tisma are all individuals residing, upon information and belief, in the State of Illinois and in this judicial district.

8.    Plaintiff is unaware of the true names and capacities of the Defendants being sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.   Plaintiff will amend this Complaint to allege the true names and capacities of DOES 1 through 10, inclusive, when Plaintiff ascertains the identity of such Defendants.

## III. JURISDICTION AND VENUE

8.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff has asserted claims against Defendants for misappropriation of trade secrets under the federal Defend Trade Secrets Act of 2016 and for trademark infringement under federal trademark law.   The Court has supplemental or pendant jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. §1367 because such claims are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because, Defendants transact business in this district and because events giving rise to the claims asserted herein have occurred, and may continue to occur, within this judicial district.   Additionally, the damage to Plaintiff and its intellectual property described herein occurs in this judicial district.

10.     The Court has personal jurisdiction over the individual Defendants because, among other things, each of them, upon information and belief, resides in the State of Illinois and each has knowingly and intentionally committed tortious acts aimed at, and causing harm within, the State of Illinois and this judicial district, from which the causes of action set forth herein arise. The Court has personal jurisdiction over the corporate Defendants because, among other things, each is present in the State of Illinois and within this judicial district, each engages in continuous business activities in, and directed

to, the State of Illinois and within this judicial district, and each has knowingly and intentionally committed tortious acts aimed at, and causing harm within, the State of Illinois and this judicial district, from which the causes of action set forth herein arise.

### IV.    FACTS COMMON TO ALL CAUSES OF ACTION

**A.    Plaintiff's Business and Its Acquisition of the Assets of Tishma Innovations, LLC**

11.    Plaintiff, Nortech Packaging, is an affiliate of Custom Assembly Solutions, Inc., d/b/a Nortech, Inc.  Nortech, Inc. primarily creates and distributes robotic and robotics integration technology and components to a variety of industries.

12.    Nortech Packaging provides the aforementioned technology, components and services for the product packaging industry throughout the United States.

13.    Tishma Innovations, LLC ("Tishma Innovations" or the "Company") is not a party to this action.  Tishma Innovations was, before its assets were acquired by Plaintiff as more fully described below, in the business of designing and manufacturing packaging machinery and packaging systems for a wide array of products sold in interstate commerce by various companies.

14.    Besides designing original equipment for these businesses, a core aspect of Tishma Innovations' business was providing service and replacement parts for the packaging equipment it sold.

5

1. **Tishma Innovations Defaults On Two Loans from FirstMerit; A Receiver Is Appointed And Its Bank Accounts Are Frozen.**

15.     In or about September of 2014, Tishma Innovations took out two loans from FirstMerit Bank, N.A. ("FirstMerit" or the "Bank") (the "Loans"), in the amounts of $1,000,000 and $387,000, respectively (the "Debt").

16.     Each Loan, respectively, was secured pursuant to a Commercial Security Agreement, dated September 23, 2014, between Tishma Innovations and FirstMerit (the "Security Agreements").  Copies of the Security Agreements are attached hereto as Exhibit A.

17.     The Security Agreements provided that the collateral for the Loans (the "Collateral") included, without limitation:

> All inventory, equipment, accounts . . . documents . . . general intangibles (including but not limited to all software and all payment intangibles) . . . tools, parts, repairs, supplies . . . all good will relating to the foregoing property . . . all records and data embedded software relating to the foregoing property . . . all equipment, inventory and software to utilize, create, maintain and process any such records and data on electronic media[.]

18.     In or about February of 2016, Tishma Innovations defaulted on the Loans.

19.     By court orders which the Bank obtained in April of 2016, a receiver was installed at Tishma Innovations' premises on or about April 29, 2016 and its bank accounts were frozen.

**2. Nortech Packaging Acquires FirstMerit's Rights In The Loans and the Collateral, Which Includes All of Tishma Innovations' Tangible and Intangible Property, Including Trade Secrets, Goodwill and the Tishma Trademark.**

20. Subsequently, Nortech Packaging and FirstMerit entered into an Agreement for Purchase and Sale of Loan Documents, effective as of May 13, 2016 (the "Loan Purchase Agreement"). A copy of the Loan Purchase Agreement is attached hereto as Exhibit B.

21. Pursuant to the Loan Purchase Agreement, Nortech Packaging acquired, among other things, the Bank's rights and interests in the Debt and in the Collateral, for a purchase price of $799,000.00.

22. Contemporaneously with the Loan Purchase Agreements, Nortech Packaging and Tishma Innovations entered into a Collateral Surrender Agreement, dated as of May 6, 2016 (the "Surrender Agreement"). A copy of the Surrender Agreement is attached hereto as Exhibit C.

23. Pursuant to the Surrender Agreement, effective on the Closing Date of May 13, 2016, Tishma Innovations assigned all of its right, title and interest in the Collateral to Nortech Packaging and agreed to surrender the Collateral to Nortech Packaging in partial satisfaction of the Debt (the "Acquisition").

24. Tishma Innovations filed for relief under Chapter 7, title 11 of the U.S. Bankruptcy Code on or about July 8, 2016.

25. The Collateral included, among other proprietary items and trade secrets, unique and product-specific machinery, designs and technology for the operation and maintenance of the machinery, programmable logic controllers

("PLCs") for numerous machines, drawings for spare parts, computers, software, computer codes, customer lists and e-mail accounts.

26.     In addition, as part of the Acquisition, by assignment dated May 13, 2016, Tishma Innovations assigned to Nortech Packaging all right, title and interest in and to the federally-registered trademark, TISHMA (Reg. No. 3355256) (the "Mark"), together with the goodwill of the business symbolized by the Mark and the registration thereof.  A copy of the filed trademark assignment is attached hereto as Exhibit D.

27.     The primary purpose and value to Plaintiff of the Acquisition was to maintain the continuity of Tishma Innovations' operations and to continue to serve Tishma Innovations' existing customers.  Nortech Packaging, through a combination of the acquired Collateral and its pre-existing capabilities, should have and, but for the conduct of Defendants as alleged herein, would have been in a position to provide all of the services previously provided by Tishma Innovations to its customers.

**B.     The Tisma Family Businesses**

28.     Prior to the Acquisition, Tishma Innovations was owned and operated by its managing members, Defendants Petar Tisma and Stevan Tisma, who are brothers.

29.     Defendant Tishma Engineering continues to be owned and operated by Defendants Dean Tisma and Sasha Tisma, who, upon information and belief, are cousins of Petar and Stevan Tisma.

30.     Tishma Engineering provides design, repair and other services for packaging equipment for Defendant PMI and, prior to the Acquisition, provided such services for Tishma Innovations.

31.     Defendant PMI is owned by Branko Tisma, who, upon information and belief, is a cousin of Petar and Stevan Tisma.

32.     PMI provides the very same services that Plaintiff provides, *i.e.*, designing and manufacturing packaging machinery and packaging systems for a various products, as well as spare parts and service for such machinery and systems.

33.     PMI is Plaintiff's largest competitor.

34.     Defendant Chicago Automation is, upon information and belief, owned, operated and/or managed by one or more of the individual defendants including Dean Tisma.

35.     Chicago Automation is also a competitor of Plaintiff and provides the same services that Plaintiff provides, *i.e.*, designing and manufacturing packaging machinery and packaging systems for a various products, as well as spare parts and service for such machinery and systems.

36.     Defendant Wayne Olkowski was a sales agent for Tishma Innovations who prior to the Acquisition, had an office on the premises of the Company.

37.     Defendant Milan Kosanovic was an employee of Tishma Innovations before the Acquisition, who provided customer service to the Company's customers, including estimates, service calls and sales calls.

9

38.    Defendant Nebojsa Dabic was an IT consultant for Tishma Innovations before the Acquisition, who performed IT services, server maintenance and other computer-related services for the Company.

**C.    Tisma Family Members and/or Their Affiliates Remove Valuable Items of Collateral From Tishma Innovations' Premises.**

39.    Upon information and belief, after Tishma Innovations was placed in receivership and its bank accounts were frozen, Tisma family members and/or others working at their direction began removing valuable items of the Collateral from the premises of Tishma Innovations and/or copying and otherwise unlawfully using such items of Collateral in furtherance of Defendants' interests and in violation of Plaintiff's rights in the Collateral.

40.    The Company's software, mechanical drawings and other technical data was copied and erased from its servers and laptops.  Plaintiff is informed and believes that Defendant Dabic performed such unlawful computer-related services in furtherance of the violations of Plaintiff's rights set forth herein.

41.    As set forth more fully below, the missing and/or unlawfully accessed items of the Collateral have since been employed by PMI, Tishma Engineering, Chicago Automation and other Defendants to obtain and serve former customers of Tishma Innovations and otherwise impede Plaintiff's ability to do business, in violation of Plaintiff's rights.  Based on this and other evidence, Plaintiff believes that a substantial portion of the Collateral was unlawfully removed by, and/or is currently unlawfully in possession and/or use by, Defendants.

10

42.     Among the items of Collateral which, upon information and belief, one or more of the Defendants have converted, stolen and/or misappropriated, individually or acting in concert with one another, are, without limitation:

(a)     Three (3) PLCs for packaging machines:  These PLCs contain trade secrets including proprietary instructions to operate the Company's unique, product-specific machinery, which instructions have been maintained as confidential information, so as to preserve its value to the Company's business. PLCs containing proprietary software for two of the Company's largest customers, Mondelez International, Inc. and H.J. Heinz Company, as well as one PLC with no programs on it, are among the missing Collateral.

(b)     Fourteen (14) Company laptop computers:  These laptops contain trade secrets, including proprietary machine data, software and customer information related to the Company's business, all of which have been maintained as confidential information, so as to preserve its value to the Company's business;

(c)     Mechanical drawings for machines:  These mechanical drawings for Tishma Innovations' unique, product-specific packaging machines are trade secrets, which include proprietary information enabling the design of spare parts and repairs to proprietary equipment, and have been maintained as confidential information, so as to preserve its value to the Company's business. Mechanical drawings in both hard copy and digital format that were on the premises prior to the Acquisition went missing after the Acquisition;

11

(d)     Customer lists, e-mail accounts and proposals:     Tishma Innovations' customer lists, e-mail accounts and confidential business proposals contain proprietary information and trade secrets which are essential to the Company's competitive success and which have been maintained as confidential information, so as to preserve its value to the Company's business;

(e)     Proprietary software:     Tishma Innovations' business is heavily dependent upon software programs, which, among other things, control each packaging machine's unique processes.  Machine-controlling software for every machine ever made by Tishma Innovations was contained in the PLCs and laptops that were stolen, and also in files that were deleted from the Company's server.

(f)     Spare parts in inventory:  Tishma Innovations' existing spare parts were fabricated through the use of trade secret drawings which were in the exclusive possession of Tishma Innovations.  The wrongful possession of spare parts by a competitor (as opposed to a customer) gives the competitor an unfair advantage, allowing it to supplant the rightful owner without the concomitant investment of time and labor.   The missing spare parts include an Allen Bradley touch screen controller, vacuum pumps, custom-designed pins for assembly belt chains and various suction cups.

(g)     Service records notebook:     Tishma Innovations' former lead replacement parts servicer maintained a notebook of all service records and related notes on all of the Company's machines, including descriptions of the

work that was done on these machines and parts.  This notebook was missing from the premises of the Company after the Acquisition.

**D.    The Tisma Family Businesses Are Unlawfully Using the Collateral to Steal Plaintiff's Customers, Impede Plaintiff's Ability to Do Business and Gain an Unfair Competitive Advantage.**

43.    Plaintiff has become aware that Defendants are using the stolen Collateral to serve former customers of Tishma Innovations (now Plaintiff's customers), having interfered with and deprived Plaintiff of its ability by unlawfully removing equipment, drawings and other proprietary and trade secret information from the premises of Tishma Innovations.

**1.    PMI Offers To Build The Mondelez International, Inc. Chiclets Machines.**

44.    For example, prior to the Acquisition, Tishma Innovations was, pursuant to a purchase order and contract, in the process of making three (3) proprietary packaging machines for Chiclets chewing gum (the "Chiclets Machines") for its customer, Mondelez International, Inc. ("Mondelez").

45.    The Chiclets Machines, which were in varying stages of completion at the time of the Acquisition, involved unique and complex designs, which Tishma Innovations had been developing for some twenty (20) years.  The drawings and design data for the Chiclets Machines were maintained as trade secrets.  They were contained exclusively on the Company's engineering server, accessible only by certain employees in the mechanical engineering department.

13

46. Plaintiff has learned that PMI contacted Mondelez and informed them that PMI could build the Chiclets Machines for them in seven (7) months time.

47. Given the complexity of the machines and their respective processes, building even one such machine within this promised time-frame could only be accomplished with the use of pre-existing mechanical drawings. Mondelez had exclusively engaged Tishma Innovations to develop these expensive and complex machines. Upon information and belief, Peter Tisma, with assistance from other Tisma family members, is facilitating PMI's unlawful use of Plaintiff's mechanical drawings and other trade secrets to build one or more packaging machines for Mondelez, supplanting the Chiclets Machines.

48. As a result of Defendants' unlawful possession and use of Plaintiff's trade secrets, including, but not limited to mechanical drawings, designs and other proprietary know-how belonging to Tishma Innovations, to steal this customer and the job of making the Chiclets Machines, Plaintiff has lost and continues to lose substantial revenue.

## 2. PMI Offers Replacement Parts for Contract Pharamacal Corp.

49. Plaintiff has also learned that PMI contacted Tishma Innovations' customer, Contract Pharmacal Corp. ("CPC"), and arranged to provide replacement parts for a machine that was manufactured and sold to them by Tishma Innovations.

14

50.     CPC has informed Plaintiff that PMI did not send any personnel to take machine measurements for the replacement parts, yet PMI was able to provide those parts within two (2) days of CPC's request.

51.     Fabrication of replacement parts in this time-frame could not possibly have been accomplished without pre-existing drawings for this specific machine and/or its component parts.  Tishma Innovations was in exclusive possession of such drawings, which were maintained as trade secrets.  Upon information and belief, one or more of the individual Defendants and/or others acting at their direction unlawfully acquired, possessed and used these proprietary drawings to fill the replacement parts order of Plaintiff's customer, CPC, in violation of Plaintiff's rights.

52.     As a result of Defendants' unlawful possession and use of Plaintiff's trade secrets to steal this customer and the job of making the replacement parts for their machine, Plaintiff has lost and continues to lose substantial revenue.

### 3.     PMI Offers Replacement Parts For Riviana Pasta Machine.

53.     Plaintiff has learned that PMI contacted Riviana Foods, Inc. ("Riviana") and informed them that PMI had, in stock, replacement parts for the Pasta Pockets packaging machine, which was manufactured and sold to Riviana by Tishma Innovations.  These very parts -- trays and molds for pasta food products -- were missing from Tishma Innovations' inventory following the Acquisition.

54.     These parts had been custom-designed by Tishma Innovations for Riviana, who is Plaintiff's customer, using custom molds and tooling and, prior to their disappearance from inventory, were exclusively within the possession of Tishma Innovations.

55.     The Pasta Pockets machine replacement parts could not have been fabricated without unlawful possession and use of Plaintiff's trade secrets.  In all likelihood, however, these parts were simply stolen from the premises of Tishma Innovations by one or more of Defendants.

56.     As a result of Defendants' unlawful acquisition, possession and use of Plaintiff's replacement parts, Defendants are gaining unfair competitive advantages by being able to copy the design of the parts and acquiring the ability to service the parts.  Defendants are using these advantages to deprive Plaintiff of its customer's business and, thereby depriving Plaintiff of substantial revenue.

**4.     Defendant Olkowski Is Attempting To Take Massimo Zanetti "K-Cups" Business To PMI.**

57.     Massimo Zanetti Beverage USA ("Zanetti") was a customer of Tishma Innovations (and now of Plaintiff) who makes, among other products, K-Cups for beverage machines.  Tishma Innovations invented the proprietary machinery to process filled K-Cups, orient them, sort them and package them. The "infeed technology" required for these packaging operations is a trade secret belonging to Plaintiff.

58.     Plaintiff's have learned that Defendant Olkowski contacted Zanetti, who has new orders to fill, in an effort to get the business for PMI.  In order to

16

fill Zanetti's orders, PMI is, or will be, upon information and belief, unlawfully using the proprietary infeed technology acquired from Tishma Innovations.

**5.    Defendant PMI Is Attempting To Steal Plaintiff's Tiger Balm Orders.**

59.    Innova China was a customer of Tishma Innovations (and now of Plaintiff) who makes, among other products, Tiger Balm topical pain-relieving ointment.  Tishma Innovations created the proprietary packaging machinery for Tiger Balm.

60.    Plaintiff has learned that PMI is attempting to take over the filling of orders for Tiger Balm packaging from Plaintiff's customer.  In order to fill these orders, PMI is, or will be, upon information and belief, unlawfully using proprietary information acquired from Tishma Innovations.

**6.    Defendants Are Using The Company's Customer Lists, E-mail Accounts and Proposals To Steal Customers.**

61.    Plaintiff has learned that the Defendants, and those acting at their direction and for their benefit, have been using Tishma Innovations' customer lists, e-mail accounts and proposals to solicit Plaintiff's customers through dishonest and disparaging communications.

62.    For example, Plaintiff has learned that Defendant Sasha Tisma sent an e-mail to at least one of Plaintiff's customers, Mondelez, stating that "Tishma Innovations has closed their doors."  That e-mail, signed "support@Tishma Engineering," further states that "we can assist with spare parts and other questions you might have during this time."

17

63.    Mondelez responded with a request for quote, relating to certain spare parts which, equipped with the stolen Collateral, Sasha Tisma, under the unlawfully-used trade name "Tishma Engineering", is positioned to provide, or has already done so, in violation of Plaintiff's rights.

64.    In addition, Plaintiff has learned that one or more of the Defendants caused Tishma Innovations' customer e-mails to be forwarded to Sasha Tisma, who is, upon information and belief, continuing to respond to these customer e-mails under the false pretense of representing Tishma Innovations.  Defendants are thereby diverting Plaintiff's customers and their business to Tishma Engineering and/or PMI.

65.    In addition, Plaintiff has learned that Defendant Milan Kosanovic has gone to work for Tishma Innovations' primary competitor, Defendant PMI, and is continuously contacting Plaintiff's customers under the false pretense of being an employee of Tishma Innovations.

66.    Defendant Kosanovic is, during these solicitations, upon information and belief, making unlawful use of Tishma Innovations' trade secrets, including drawings and technical data, to sell the Company's unique products, including, but not limited to, its proprietary "Stick Pack" machine and K-Cup machinery.

67.    Defendant Wayne Olkowski has, upon information and belief, unlawfully availed himself of several of the Company's proprietary proposals for machines, service and/or replacement parts and has been taking these

proposals to Defendant PMI and others for the purpose of unlawfully diverting the Company's business to himself, PMI and others.

68.     Defendant Nebojsa Dabic has, upon information and belief, participated in and facilitated the above-described unlawful acquisition and use of the Company's e-mail accounts and customer lists.

69.     Plaintiff has been, and is continuing to be, damaged by the foregoing unlawful uses by Defendants of Tishma Innovations' customer lists, e-mail accounts and proposals.

**7.      Defendant Sasha Tisma Is Selling The Company's Spare Parts On eBay.**

70.     Plaintiff has learned that Defendant Sasha Tisma has been selling, over the internet using the eBay website, spare parts that, following the Acquisition, were determined to be missing from the premises of Tishma Innovations.

71.     This unlawful sale of Plaintiff's property by Defendant Sasha Tisma is continuing, and is causing monetary damage to Plaintiff as well as damage to its reputation by, among other things, giving the impression that Tishma Innovations is no longer in business, by depriving Plaintiff of its relationships with its customers, and preventing Plaintiff from being able to do quality control with respect to parts repair and installation.

**8.      After the Acquisition, Defendant Chicago Automation Begins Offering "Custom Automation and Robotics," Using the TISHMA Mark.**

72.     Following the Acquisition, Defendant Chicago Automation added the following announcement to its website: "We are pleased to announce that

we have joined forces with Tishma Technologies Group to expand our standard line of products. Now Chicago Automation LLC will offer Custom Automation & Robotics solutions as well as various Standard and Custom Packaging Machines."

73. Upon information and belief, Chicago Automation's sudden expansion of its line of services is the result of its unlawful acquisition, possession and/or use of one or more of the previously identified items of Collateral, such as mechanical drawings, design data, PLCs, software programs, laptops and parts.

**9.     Defendants Continue To Unlawfully Use The TISHMA Trademark.**

74. As set forth above, as part of the Acquisition, Plaintiff acquired the exclusive right to use the name TISHMA as a trademark in connection with the goods and services provided by Plaintiff.

75. Notwithstanding Plaintiff's ownership of the Mark, Defendant Tishma Engineering, through the actions of one or more individual Defendants, has continued to sell its goods and services under the TISHMA trademark, in violation of Plaintiff's rights therein.

76. Defendants and those acting at their direction and for their benefit have, among other acts of infringement, approached one or more of Plaintiff's customers and informed them that Tishma Innovations is closed, but that "Tishma Engineering" is now providing support and replacement parts for the machines Tishma Innovations sold to them.

20

77.     In addition, Defendants continue to use the TISHMA name and trademark in interstate commerce, freely and rampantly, as evidenced by their continued maintenance of active websites and internet advertising using the Mark.  Defendants are making no efforts to abate, much less cease, their use of the Mark.

78.     In addition, as set forth in Paragraph 72, above, Defendant Chicago Automation is using the TISHMA mark on its website.  This use of the TISHMA mark in interstate commerce is unlicensed and unauthorized, and constitutes, among other violations of the law, trademark infringement.

**E.     <u>Plaintiff Is Suffering An Ever-Increasing Degree of Irreparable Harm.</u>**

79.     Armed with stolen laptops, stolen replacement parts, forty years worth of drawings for every machine made by Tishma Innovations and other unique, proprietary and trade secret information, Defendants are in the process of soliciting and stealing Plaintiff's customers and using these illegal means to take over the servicing of Plaintiff's accounts, including their two largest – Mondelez and CPC.

80.     Plaintiff's inquiries to Defendants and their counsel about this patently unlawful conduct have been met with complete and implausible denials of any involvement therewith.

81.     Plaintiff has already suffered some irreparable harm in the form of lost business and the erosion of its customer relationships.  If Defendants are not stopped, it is clear that they intend to continue using the stolen assets to drive Plaintiff completely out of business if at all possible.  To say that Plaintiff

will suffer irreparable harm without the injunctive relief sought herein is an understatement.

## V.   CAUSES OF ACTION

### COUNT I
### MISAPPROPRIATION OF TRADE SECRETS
### UNDER THE DEFEND TRADE SECRETS ACT
### OF 2016 (18 U.S.C. §1836(b)(1), *et seq.*)
### (All Defendants)

82.   Plaintiff re-alleges and incorporates by reference paragraphs 1-81 as if fully alleged herein.

83.   By virtue of the Loan Purchase Agreements, the Surrender Agreement and the Acquisition, Plaintiff became the owner of the Collateral, which includes the trade secrets of Tishma Innovations, including, without limitation, proprietary software, mechanical drawings, technological data, customer lists, customer proposals, e-mail accounts and addresses, and other items as detailed in Paragraph 42, items (a) through (g), hereinabove (the "Trade Secrets").

84.   Through improper and unlawful means, facilitated by their former status as owners, managers, agents and/or employees of Tishma Innovations or (b) their business, personal and/or familial relationships with such owners, managers, agents and/or employees,  Defendants Petar Tisma, Stevan Tisma, Sasha Tisma, Wayne Olkowski, Milan Kosanovic and Nebojsa Dabic obtained access to, deprived Plaintiff possession of, copied, removed from the premises of Tishma Innovations, and otherwise misappropriated the Trade Secrets.

85.     Through improper and unlawful means, facilitated by their business, personal and/or familial relationships with Defendants Petar Tisma, Stevan Tisma, Sasha Tisma, Wayne Olkowski, Milan Kosanovic and/or Nebojsa Dabic, Defendants PMI, Tishma Engineering, Chicago Automation, Dean Tisma and Sasha Tisma knowingly obtained access to, copied and otherwise misappropriated the Trade Secrets.

85.     The Trade Secrets misappropriated by Defendants were used and intended for use in interstate commerce.  Plaintiff sells its products and services throughout the United States and the Trade Secrets misappropriated by Defendants relate to a substantial number of these products and services.

86.     Plaintiff and Tishma Innovations have, at all relevant times, considered the Trade Secrets to be confidential and proprietary and have taken reasonable steps as part of their ongoing operating procedures to maintain the confidential nature of the Trade Secrets.

87.     Defendants have utilized and are continuing to utilize the Trade Secrets to solicit Plaintiff's existing and prospective customers.  In doing so, Defendants are maliciously and willfully using misappropriated confidential, proprietary and trade secret information to their own advantage and in direct competition with Plaintiff.

88.     As a result of the Defendants' misappropriation and use of the Trade Secrets, Defendants are engaged in continuing violations of the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836(b)(1), *et seq.*) (the "DTSA").

89.     As a direct and proximate result of Defendants' violations of the DTSA, Plaintiff has sustained substantial damages in an amount to be established at the trial of this matter.

90.     Defendants' actions in unlawfully converting and misappropriating Plaintiff's Trade Secrets for their own gain have been, and continue to be, knowing, intentional, willful, malicious and in reckless disregard for Plaintiff's rights.

91.     Defendants' actions have caused, and will continue to cause, irreparable harm to Plaintiff if not preliminarily and permanently enjoined.

92.     Plaintiff has no adequate remedy at law for the violations of DTSA alleged herein.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and exemplary damages in amounts to be determined at trial, an accounting for all profits Defendants have derived from the foregoing unlawful acts, preliminary and permanent injunctive relief, including an order for civil seizure pursuant to 18 U.S.C. §1836(b)(2), prejudgment interest, and award of costs and reasonable attorneys' fees pursuant to 18 U.S.C §1836(b)(3)(D), and such other and further relief in Plaintiff's favor as the Court deems proper.

**COUNT II**
**MISAPPROPRIATION OF TRADE SECRETS**
**UNDER THE ILLINOIS TRADE SECRETS ACT**
**(765 ILCS 1065/1, *et seq.*)**
**(All Defendants)**

93.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1-81 as if fully alleged herein.

24

94. By virtue of the Loan Purchase Agreements, the Surrender Agreement and the Acquisition, Plaintiff became the owner of the Collateral, which includes the trade secrets of Tishma Innovations, including, without limitation, proprietary software, mechanical drawings, technological data, customer lists, customer proposals, e-mail accounts and addresses, and other items as detailed in Paragraph 42, items (a) through (g), hereinabove (the "Trade Secrets").

95. Through improper and unlawful means, facilitated by their former status as owners, managers, agents and/or employees of Tishma Innovations or (b) their business, personal and/or familial relationships with such owners, managers, agents and/or employees, Defendants Petar Tisma, Stevan Tisma, Sasha Tisma, Wayne Olkowski, Milan Kosanovic and Nebojsa Dabic obtained access to, deprived Plaintiff possession of, copied, removed from the premises of Tishma Innovations, and otherwise misappropriated the Trade Secrets.

96. Through improper and unlawful means, facilitated by their business, personal and/or familial relationships with Defendants Petar Tisma, Stevan Tisma, Sasha Tisma, Wayne Olkowski, Milan Kosanovic and/or Nebojsa Dabic, Defendants PMI, Tishma Engineering, Chicago Automation, Dean Tisma and Sasha Tisma knowingly obtained access to, copied and otherwise misappropriated the Trade Secrets.

97. The Trade Secrets have been sufficiently maintained as secret to derive economic value, actual and potential, from not being generally known to other persons who can obtain economic value from its disclosure or use.

25

98.     Plaintiff and Tishma Innovations have, at all relevant times, considered the Trade Secrets to be confidential and proprietary and have taken reasonable steps as part of their ongoing operating procedures to maintain the confidential nature of the Trade Secrets.

99.     Defendants have utilized and are continuing to utilize the Trade Secrets to solicit Plaintiff's existing and prospective customers.  In doing so, Defendants are maliciously and willfully using misappropriated confidential, proprietary and trade secret information to their own advantage and in direct competition with Plaintiff.

100.    As a result of the Defendants' misappropriation and use of the Trade Secrets, Defendants are engaged in continuing violations of the Illinois Trade Secrets Act (765 ILCS 1065/1, *et seq.*) (the "ITSA").

101.    As a direct and proximate result of Defendants' violations of the ITSA, Plaintiff has sustained substantial damages in an amount to be established at the trial of this matter.

102.    Defendants' actions in unlawfully converting and misappropriating Plaintiff's Trade Secrets for their own gain have been, and continue to be, knowing, intentional, willful, malicious and in reckless disregard for Plaintiff's rights.

103.    Defendants' actions have caused, and will continue to cause, irreparable harm to Plaintiff if not preliminarily and permanently enjoined.

104.    Plaintiff has no adequate remedy at law for the violations of ITSA alleged herein.

26

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and exemplary damages in amounts to be determined at trial, an accounting for all profits Defendants have derived from the foregoing unlawful acts, preliminary and permanent injunctive relief, prejudgment interest, and award of costs and reasonable attorneys' fees pursuant to 765 ILCS 1065/5 (iii), and such other and further relief in Plaintiff's favor as the Court deems proper.

**COUNT III**
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**
**(Tishma Engineering, Chicago Automation, Sasha Tisma)**

105. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs 1 –81 as if fully alleged herein.

106. In connection with the Acquisition, Plaintiff became, as of May 13, 2016, the sole and exclusive owner of the U.S. Trademark Registration No. 3355256 for TISHMA, and all associated goodwill, in connection with (a) packaging machines, packing machines, automation packaging and assembling machines and replacement parts therefor (the "Products"), and (b) repair and maintenance of packaging and packing machines and automation devices for packaging and packing (the "Services").

107. Accordingly, Plaintiff is entitled to the exclusive use of TISHMA and any marks confusingly similar thereto in connection with the Products and Services throughout the United States.

108. As a result of Tishma Innovations,' and now Plaintiff's, widespread and continuous use of the TISHMA mark in commerce, the mark enjoys

considerable goodwill that has become associated with Plaintiff's business and its TISHMA Products and Services.

109. Prior to Defendants' infringing uses of the name TISHMA Defendants either had actual notice or knowledge, or constructive notice of Plaintiff's ownership of the registered TISHMA mark.

110. Defendants, in order to cause confusion, mistake or to deceive consumers, and in an attempt to trade on the goodwill, reputation and marketing power belonging to Plaintiff under the TISHMA mark, have deliberately and willfully continued to market and use the mark TISHMA in connection with their packaging machines, packing machines, automation packaging and assembling machines, replacement parts, repair and maintenance of packaging and packing machines and automation devices for packaging and packing.

111. Defendants' unauthorized use of the name TISHMA is likely to cause confusion, deception, or mistake with regard to the source of the product, and with regard to the sponsorship, approval or affiliation of Defendants by or with Plaintiff.

112. Defendants' unauthorized use of the name TISHMA deprives Plaintiff of the ability to control consumer perception of the quality of the products and services marketed under the TISHMA mark and, instead, places Plaintiff's valuable reputation and goodwill into the hands of Defendants, over whom Plaintiff has no control.

113. The aforementioned acts of Defendants constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

114. The intentional nature of Defendants' acts makes this an exceptional case under 15 U.S.C. § 1117(a).

115. Plaintiff has been, is now, and will be irreparably harmed by Defendants' aforementioned acts of infringement, and, unless enjoined by the Court, Defendants will continue to infringe upon the TISHMA mark.

116. Plaintiff has no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and exemplary damages in amounts to be determined at trial, an accounting for all profits Defendants have derived from the foregoing infringing acts, preliminary and permanent injunctive relief, prejudgment interest, and award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), and such other and further relief in Plaintiff's favor as the Court deems proper.

**COUNT IV**
**UNFAIR COMPETITION AND**
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1125(a))**
**(Tishma Engineering, Chicago Automation, Sasha Tisma,)**

117. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs 1 –81 and 106-112, as if fully alleged herein.

118. Defendants' unauthorized use of the TISHMA mark falsely suggests that their goods and services are connected with, sponsored by, affiliated with,

related to and/or approved by Plaintiff and its Products and Services marketed under the TISHMA mark.

119. Defendants have acted with actual knowledge of Plaintiff's TISHMA mark and with deliberate intention to unfairly benefit from the goodwill symbolized thereby.

120. Defendants' unauthorized use of an identical trademark constitutes unfair competition and a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

121. Plaintiff has been, is now and will be irreparably harmed by Defendants' aforementioned acts of unfair competition and false designation of ownership, and, unless enjoined by the Court, Defendants will continue to infringe upon the Plaintiff's rights.

122. Plaintiff has no adequate remedy at law for the acts of infringement and unfair competition alleged herein.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and exemplary damages in amounts to be determined at trial, an accounting for all profits Defendants have derived from the foregoing unlawful acts, preliminary and permanent injunctive relief, prejudgment interest, and award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), and such other and further relief in Plaintiff's favor as the Court deems proper.

## COUNT V
### DECEPTIVE TRADE PRACTICES
### (815 ILCS § 510/2, et seq.)
### (Tishma Engineering, Chicago Automation, Sasha Tisma)

123. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs 1 –81 and 106-112, as if fully alleged herein.

124. Plaintiff's TISHMA mark is a valid trademark under state and federal law.

125. Defendants have engaged in unfair and deceptive acts and practices which have created a likelihood of confusion or misunderstanding as to the source, sponsorship or approval of the goods and services they are offering for sale.

126. Defendant's acts have also created a likelihood of confusion and misunderstanding as to whether Defendants are affiliated, connected or associated with Plaintiff and have created a likelihood of confusion and misunderstanding as to Defendants' goods and services being affiliated with, connected with and certified by Plaintiff. Defendant's acts are in violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA").

127. Defendants have acted with knowledge of Plaintiff's TISHMA mark and with (a) deliberate indifference to the injury to the public and to Plaintiff that will be caused by its trademark infringement and (b) the intent to unfairly benefit from the goodwill symbolized by the TISHMA mark.

128. As a direct and proximate result of Defendants' actions, Plaintiff has suffered, and is continuing to suffer, irreparable injury to its business

reputation and loss of goodwill and has incurred, and is continuing to incur, monetary damages.

129. Plaintiff is entitled to an accounting for Defendants' profits on infringing goods and services and to recover from Defendants all damages sustained by Plaintiff as well as profits realized by Defendants as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of monetary damages it has suffered and which it is entitled to collect from Defendants by reason of Defendants' unlawful acts set forth herein.

130. Defendant will continue, unless restrained, to use Plaintiff's TISHMA mark, which will cause irreparable harm to Plaintiff.

131. Plaintiff has no adequate remedy at law for Defendants' violations of the IUDTPA.

132. Plaintiff is entitled to an injunction, pursuant to 815 ILCS § 510/3, restraining Defendants, their officers, agents and employees, and all persons acting in concert with Defendants, from engaging in further acts of unfair competition.

133. Plaintiff is entitled to corrective advertising, at Defendants' expense, in an amount and manner to be determined, for the purposes of (a) insuring public safety and freedom from confusion and (b) mitigating the damages to Plaintiff's reputation caused by Defendants.

134. Defendants have intentionally and willfully engaged in the deceptive trade practices described above. Accordingly, pursuant to 815 ILCS §

510/3 Plaintiff is entitled, and seeks hereby, to recover its costs and attorneys' fees incurred in connection with this lawsuit.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and exemplary damages in amounts to be determined at trial, preliminary and permanent injunctive relief, prejudgment interest, and award of costs and reasonable attorneys' fees pursuant to 815 ILCS § 510/3, and such other and further relief in Plaintiff's favor as the Court deems proper.

**COUNT VI**
**CONVERSION UNDER ILLINOIS LAW**
**(All Defendants)**

135. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs 1 –81 as if fully alleged herein.

136. The acts of Defendants, as previously alleged herein, in removing, copying, possessing, misappropriating, transferring and using the Collateral belonging to Plaintiff constitutes the unauthorized and wrongful assumption of control, dominion, or ownership by Defendants over Plaintiff's property.

137. Plaintiff, as owner of the Collateral, has an immediate right to possession thereof.

138. Plaintiff has demanded that Defendants restore possession of the Collateral to Plaintiff. Defendants and/or their representatives have refused to return the Collateral to Plaintiff.

139. The value of the Collateral, and in particular the Trade Secrets, is in its exclusive use by Plaintiff. By wrongfully asserting dominion and control

33

over the Collateral, Defendants are continuing to greatly diminish its value to Plaintiff.

140. Plaintiff is being irreparably harmed by the foregoing unlawful acts of Defendants, for which Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and exemplary damages in amounts to be determined at trial, preliminary and permanent injunctive relief, prejudgment interest and such other and further relief in Plaintiff's favor as the Court deems proper.

**COUNT VII**
**TORTIOUS INTERFERENCE**
**WITH BUSINESS RELATIONS**
**(All Defendants)**

141. Plaintiff re-alleges and incorporates herein by reference the preceding paragraphs 1 –81 as if fully alleged herein.

142. As set forth herein, Defendants have unlawfully acquired and are unlawfully utilizing the Collateral to supplant Plaintiff's business relationships with its customers, including Mondelez, CPC, Riviana, Zanetti and Innova China.

143. Plaintiff had a reasonable expectancy of an ongoing business relationship with these customers, including, but not limited to: continuing to build the Chiclets Machines for Mondelez, continuing to provide and service replacement parts for CPC and Riviana, continuing to fill new orders and provide machines and parts for Zanetti and continuing to fill orders for Innova China.

144. Defendants have, at all relevant times, been aware of the aforementioned prospective business relationships and have intentionally, willfully and maliciously interfered with them.

145. Defendants' interference has resulted in Plaintiff's losing the aforementioned prospective business and has proximately caused damages to Plaintiff.

146. Plaintiff is being irreparably harmed by the foregoing unlawful acts of Defendants, for which Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and exemplary damages in amounts to be determined at trial, an accounting for all profits Defendants have derived from the foregoing unlawful acts, preliminary and permanent injunctive relief, prejudgment interest, and such other and further relief in Plaintiff's favor as the Court deems proper.

## VI.  JURY DEMAND

147. Plaintiff requests a jury trial on all causes of action herein so triable.

## VII.  PRAYER FOR RELIEF

Without limiting the generality of the previous requests for relief set forth following each separate count herein, Plaintiff prays for relief as follows:

1. Entry of an order and judgment requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be permanently enjoined and restrained from, (a) selling or providing any

packaging-related products, services or business of any kind, including but not limited to, the manufacturing, creating, developing, selling or repairing of equipment, machinery, parts, replacement parts, computer programs or software, directly or indirectly, to any existing or prospective customer of Plaintiff or Tishma Innovations; (b) soliciting any existing or prospective customer of Plaintiff or Tishma Innovations for any of the foregoing business; (c) using any item or part thereof of Collateral, including, without limitation, the Trade Secrets, in commerce of any kind; (d) using the TISHMA mark or any colorable imitation thereof, in connection with any products or services; (e) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or current or prospective, direct or indirect, customers of Plaintiff's products, with respect to the source of any products offered for sale, sold or distributed by Defendants, or with respect to Plaintiff's certification, authorization, sponsorship or approval of products or services offered for sale, sold or distributed by Defendants; or (f) engaging in any acts constituting trademark infringement, unfair competition or false designation of origin under federal or state law, or constituting a deceptive trade practice under Illinois law.

2.     Entry of an order requiring Defendants immediately to surrender possession of, and transfer to the custody of Plaintiff or its designated agent, all items of Collateral, including but not limited to, all items containing Trade Secrets.

3. Entry of an order and judgment requiring Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and implemented adequate and effective means to discontinue the practices enjoined pursuant to Paragraph 1, hereinabove.

4. Entry of an order and judgment requiring Defendants, pursuant to 15 U.S.C. §1116(a) and 815 ILCS §510 to pay for and cause to be published, appropriate corrective advertising to remedy its trademark infringement and other unfair competition and deceptive practices;

5. Entry of an order and judgment requiring Defendants, pursuant to 18 U.S.C. §1836(b)(3)(B), to pay to Plaintiff damages for its losses for Defendants' unjust enrichment arising from Defendants' violations of the DTSA and/or, if appropriate, to pay Plaintiff a reasonable royalty for the use of its Trade Secrets.

6. Entry of an order and judgment requiring Defendants, pursuant to 15 U.S.C. §1117, to account for and pay to Plaintiff damages arising from Defendant's violations of the Lanham Act.

7. Entry of an order and judgment requiring Defendants, pursuant to 15 U.S.C. §1117, to account for and disgorge to Plaintiff all of the profits realized by Defendants or others in active concert or participation with Defendants, relating to the use of the TISHMA marks.

37

8.      Entry of an order and judgment requiring Defendants, pursuant to 18 U.S.C. 1836(b)(3)(D), 15 U.S.C. §1117, 765 ILCS §1065/5 and 815 ILCS §510/3, to pay to Plaintiff all further damages as deemed appropriate, under the circumstances, including, but not limited to, punitive damages, treble damages, pre-judgment interest and Plaintiff's costs and reasonable attorneys' fees in connection with this action.

9.      Entry of an order and judgment requiring Defendant, pursuant to 15 U.S.C. §1118, to deliver to Plaintiff, at Defendants' expense, for destruction all infringing goods, including, without limitation all promotional or sales materials, invoices, certifications, bills of lading or other documents bearing the TISHMA marks, used by Defendants in connection with the unlawful conduct described in this Complaint; and

10.    Entry of an order and judgment granting Plaintiff such other and further relief in its favor and aid as the Court deems just and proper.

Dated:  October 4, 2016                                    NORTECH PACKAGING, LLC

                                                                           By: /s/Steven M. Shebar_____
                                                                                  One of Its Attorneys

Steven M. Shebar (#6297608)
SHEBAR LAW FIRM
110 N. Gables Blvd.
Wheaton, Illinois 60187
(630) 877-6833

*Attorneys for Plaintiff Nortech Packaging, LLC*